# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**LARRY HAMILTON**                                                                                                       **PLAINTIFF**

**VS.**                              **CASE NO. 4:16-CV-00756-DPM**

**MARK STODOLA, IN HIS OFFICIAL
CAPACITY AS MAYOR OF THE CITY
OF LITTLE ROCK, ARKANSAS, AND
THE CITY OF LITTLE ROCK, ARKANSAS
AND BRITTANY GODFREY, AND MITCHEL JACKSON
AND DITECH FINANCIAL LLC, AND
KAMAL ELLIS, AND CLEAN SWEEP MANAGEMENT, LLC**      **DEFENDANTS**

## PROTECTIVE ORDER

The parties to this action have stipulated through their respective counsel to the entry of this Agreed Protective Order.

1. During the course of litigation of this case, Plaintiff has requested that the Defendants provide certain documents in discovery that contain confidential and personal information pertaining to the parties. The requested documents include personnel records and disciplinary records in the possession of the Little Rock Police Department ("LRPD") and the City of Little Rock.

2. The aforementioned files may contain certain information that is confidential and not available to the general public. This confidential information consists of social security numbers, driver's license numbers, employee identification numbers, home addresses, unlisted telephone numbers, credit card and bank account numbers, medical records, or other personal identifying information.

3. In addition, certain of these files may involve investigations of employees that did not result in disciplinary action, or resulted in disciplinary action that did not involve a suspension, demotion or termination. Documents and other materials that are generated by Internal Affairs

investigations that do not result in suspension, demotion or termination are not available to the public, even under the provisions of the Arkansas Freedom of Information Act. *See Ark. Code Ann. §25-19-105(c)(1) (West Supp. 2012).* For purposes of this case, any such materials shall be maintained as confidential by Plaintiff and not distributed except as provided in paragraph 5 of this Agreed Protective Order.

4. Counsel for the parties have agreed, and the Court orders, that any and all documents contained in the files produced by the Defendants in response to discovery requests from the Plaintiff, or from any of the Defendants, including all confidential and personal information identified in paragraphs 2 and 3, shall be used solely for the purpose of litigating this action and that documents contained in the files shall not be disclosed except as permitted herein, to wit: Plaintiff is currently litigating civil rights claims against Mark Stodola in his Official Capacity as Mayor of the City of Little Rock, Arkansas, Officer Mitchel Jackson, Officer Brittany Godfrey, and the City of Little Rock, Arkansas in the case of *Larry Hamilton v. Mark Stodola et. al.*, United States District Court, Docket No. 4:17-CV-00756-DPM. Counsel for the Defendants is directed to ensure that confidential and personal information identified in paragraphs 2 and 3, except for name, is redacted.

5. During the course of these proceedings, a party may determine that it is appropriate to request production of information or material that has been redacted pursuant to the terms of this Agreed Protective Order. In the event any party requests production of information that has been redacted, the parties will confer in an attempt to stipulate as to the terms and conditions under which such information may be produced. In the event the parties are unable to agree, the parties will follow the Scheduling Order's procedures for discovery disputes. Defendants will also file the

requested documents *ex parte* under seal. Any production of the materials will be subject to the terms and conditions imposed by the Court.

6. Those subject to this protective order are the parties to the action, including all of their officers, directors, employees, attorneys, consultants, and any experts whether retained as consultants or witnesses. Documents produced by the Defendants, and any information contained therein, may be disclosed only to the parties, the parties' attorneys of record in this matter, employees of the parties' attorneys, and any expert witnesses retained by the parties in connection with this action. The documents shall not be disclosed to any other person, partnership, firm, corporation, or any other person or entity. Copies of all such files produced in discovery shall be maintained in the custody of the parties' counsel and not distributed to anyone with the exception of an expert witness retained by counsel for the parties as a consultant or witness. The parties are strictly forbidden from disseminating any documents covered by this Order to anyone and are likewise directed not to discuss any information contained in any such documents with anyone other than those persons authorized by this Order. Counsel and the parties in this case understand and agree that a violation of the provisions of this Order could subject them to a finding of contempt of Court.

7. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. Furthermore, by stipulating to the entry of this Order, no party waives any right or objection it would otherwise have in absence of the Order.

8. Within thirty days of the final termination of this action, including all appeals, counsel for the parties shall serve an affidavit of destruction on counsel for the Defendants attesting

that all personnel and disciplinary documents provided pursuant to this Order, including all copies made of such documents, have been destroyed. This Court's jurisdiction to enforce this Order will end one year after the final termination of this action. Thereafter, the obligations of the parties and others under this Order shall be solely a matter of contract.

**IT IS SO ORDERED THIS** 7th **DAY OF** August, 2017.

_____
Honorable D.P. Marshall Jr.
District Judge